PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Cadillac struck a hole while claimant was driving on Maple Acres Road in Mercer County. Maple Acres Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:00 p.m. on October 23, 2007. Maple Acres Road is a two-lane, paved road at the area in question. At the time of the incident, claimant was proceeding from Princeton to Glenwood. While claimant was driving towards Elks Golf Course, he noticed a truck hauling cars that was coming from the opposite direction. Since the truck bed crossed the yellow center line, claimant moved his vehicle closer to the white edge line to avoid the vehicle. As a result, claimant’s vehicle struck a hole in the road that was approximately eight inches deep and three to six feet long. The road’s white-edge line had eroded in this area. Claimant stated that he does not travel on this road often and had not driven on this road for approximately two months prior to the incident. Claimant’s vehicle sustained damage *145 to two rims and one tire in the amount of $874.13. Claimant’s insurance deductible at the time of the incident was $ 1,0 0 0.0 0.
The position of respondent is that it did not have actual or constructive notice of the condition on Maple Acres Road. Richard Delp, Highway Administrator II for respondent in Mercer County, testified that he is familiar with the area involved in this claim. Mr. Delp stated that he received a complaint regarding a hole in this area prior to October, but the hole was off the roadway. Since the hole was confined to the shoulder area, respondent patched the hole with gravel instead of asphalt. He testified that the condition of the hole could have worsened on the date of claimant’s incident due to water saturation, traffic running too close to the edge of the road, and fatigue cracks.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to the claimant in the amount of $874.13.
Award of $874.13.